**Kenneth BOSS Plaintiff,**

v.

**SALOMON SMITH BARNEY INC., a wholly owned unit of Citigroup, N.A., Defendants.**

**No. 02 Civ. 7539(RO).**

United States District Court, S.D. New York.

May 16, 2003.

Sack & Sack, Jonathan S. Sack, for Plaintiff.

Orrick, Herrington & Sutcliffe LLP, Jill L. Rosenberg, James H. McQuade, New York City, for Defendant.

*OPINION AND ORDER*

OWEN, District Judge.

Plaintiff Kenneth Boss was employed as a research analyst at defendant Salomon Smith Barney. He alleges that contrary to established rules, policies, and procedures, he was ordered to share a draft research report with Salomon's investment bankers. He alleges further that he was pressured by Salomon to change his recommendations, and when he failed to do so, Salomon retaliated by terminating his employment. He thereupon brought this action seeking damages and reinstatement. Salomon has now moved to stay this litigation and compel arbitration pursuant to its own employment policies and Boss's U–4 application.

Boss joined Salomon as a research associate in February 2000 based on conditions contained in documents styled "Terms of Employment" and "Principles of Employment." Pursuant to the Terms of Employment, Boss agreed that "[a]ny controversy or dispute relating to employment with or separation from Salomon Smith Barney will be resolved in accordance with Salomon Smith Barney's Employment Arbitration Policy." The Principles of Employ-

ment state that Boss "agree[d] to follow [Salomon's] dispute resolution/arbitration procedure for resolving all disputes based on legally protected rights ... that may arise between [Boss] and Salomon Smith Barney." The Principles of Employment further explain that a detailed description of Salomon's Arbitration Policy is available in Salomon's Employee Handbook. The Arbitration Policy contained in the Employee Handbook states that arbitration is "the required, and exclusive, forum for the resolution of all employment disputes based on legally protected rights ... including without limitation claims demands or actions under ... any ... federal, state or local statute, regulation or common law doctrine, regarding ... termination of employment." In addition to Salomon's employment documents, Boss executed a U–4 application for registration with the NASD. Pursuant to the U–4, Boss agreed "to arbitrate any dispute, claim or controversy that may arise between me and my firm ... that is required to be arbitrated under the rules, constitutions, or by-laws of the [NASD]." Rule 10101 of the NASD Code of Arbitration Procedure subjects to arbitration "any dispute, claim, or controversy ... arising out of the employment or termination of employment of associated person(s) with any member."

Notwithstanding the Salomon employment documents and his own U–4, Boss contends that his claims brought pursuant to the recently-enacted Sarbanes–Oxley Corporate Reform Act of 2002, are exempt from mandatory industry arbitration. Boss recognizes that neither "the text of Sarbanes–Oxley nor its legislative history explicitly precludes arbitration." Instead,

he argues that because the Act confers jurisdiction on the Federal courts to hear whistleblowers' claims under the act, such claims are not to be arbitrated. The same argument was advanced in connection with the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA) and rejected by the Second Circuit in *Oldroyd v. Elmira Savings Bank,* 134 F.3d 72 (2d Cir.1998).[1] The *Oldroyd* court stated that Congress may override the presumption in favor of arbitration if it manifests its intent to do so "in the text of the [statute], its legislative history, or an 'inherent conflict' between arbitration and the [statute's] underlying purposes." *Id.* at 77–78 quoting *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 26, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991). There is nothing in the text of the statute or the legislative history of the Sarbanes–Oxley act evincing intent to preempt arbitration of claims under the act. Nor is there an inherent conflict between arbitration and the statute's purposes. Accordingly, Boss's claims are arbitrable. Salomon's motion to stay this litigation and compel arbitration before the NASD is granted.

So ordered.

---

1. The same conclusion was reached in connection with not only the FIRREA, but with respect to the Age Discrimination in Employment Act of 1967, *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 26, 111 S.Ct. 1647, 114 L.Ed.2d 26 (1991); ERISA, *See Bird v. Shearson Lehman/American Express, Inc.,* 926 F.2d 116 (2d Cir.1991); and the Sherman Antitrust Act, *See Mitsubishi Motors v. Soler Chrysler–Plymouth, Inc.,* 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).