PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2561

ARMAND SANTORO,

Plaintiff – Appellant,

v.

ACCENTURE FEDERAL SERVICES, LLC; ACCENTURE LLP,

Defendants – Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:12-cv-00857-CMH-TCB)

Argued: January 30, 2014                    Decided: May 5, 2014

Before GREGORY, SHEDD, and KEENAN, Circuit Judges.

Affirmed by published opinion. Judge Shedd wrote the opinion, in which Judge Gregory and Judge Keenan joined.

**ARGUED:** Stephen Z. Chertkof, HELLER, HURON, CHERTKOF, LERNER, SIMON & SALZMAN, PLLC, Washington, D.C., for Appellant. Jonathan F. Cohn, SIDLEY AUSTIN LLP, Washington, D.C., for Appellees. **ON BRIEF:** Eric D. McArthur, Paul J. Ray, SIDLEY AUSTIN LLP, Washington, D.C., for Appellees.

SHEDD, Circuit Judge:

Dr. Armand Santoro appeals the district court's order granting the motion by Accenture Federal Services, LLC (Accenture) to compel arbitration. Because we agree with the district court that the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (Dodd-Frank) does not invalidate the arbitration agreement between Accenture and Santoro, we affirm.

I.

Santoro began his employment with Accenture in 1997 as a senior manager. From 1998 until 2007, Santoro served as the program manager for the Internal Revenue Service's website, IRS.gov. From 2007 until September 2011, Santoro served as the account lead for Accenture's Department of the Treasury account. In August 2005, Santoro entered into an employment contract with Accenture. The contract indicated that it would renew on September 1 of each subsequent year unless either party provided timely notice that the contract would not be extended. The contract, among other provisions, included an arbitration clause:

> Any and all disputes arising out of, relating to or in connection with this Agreement or your employment by Accenture, including, but not limited to, disputes relating to the validity, negotiation, execution, interpretation, performance or non-performance of the Agreement . . . shall be finally settled by arbitration. . . . Arbitrable disputes include without

2

limitation employment and employment termination claims and claims by you for employment discrimination, harassment, retaliation, wrongful termination, or violations under Title VII . . . the Age Discrimination in Employment Act.

(J.A. 20).

In 2010, Santoro was given a new supervisor, who, according to Santoro's complaint, "instantly disliked" him. (J.A. 11). In September 2011, Santoro was terminated from his employment as an account executive as part of a cost-cutting measure. Santoro, who was 66 years old at the time, was replaced by a younger male employee.

In response to his termination, Santoro filed a complaint against Accenture in the Superior Court for the District of Columbia, alleging claims for age discrimination under the District of Columbia Human Rights Act. Accenture moved to compel arbitration; Santoro opposed Accenture's motion, contending that the clause was void under three whistleblower provisions of Dodd-Frank: 7 U.S.C. § 26(n)(2), 18 U.S.C. § 1514A(e)(2), and 12 U.S.C. § 5567(d)(2).[1] The Superior Court rejected Santoro's argument and granted the motion. The court also stayed the case pending arbitration.

---

[1] Santoro does not rely on 12 U.S.C. § 5567(d)(2) in this appeal.

3

While that motion to compel arbitration was pending with the Superior Court, Santoro received a right-to-sue letter from the Equal Employment Opportunity Commission and filed an action in the Eastern District of Virginia, alleging claims under the Age Discrimination in Employment Act (ADEA), the Family and Medical Leave Act (FMLA), and the Employee Retirement Income Security Act (ERISA). Accenture moved in the district court to compel arbitration of these federal claims as well. Following a hearing, the district court granted the motion. Ruling from the bench, the district court concluded that Dodd-Frank "only applies to certain situations when whistleblowers are involved." (J.A. 92). That is, Dodd-Frank's provisions "appl[y] only in the situations that [are] set out by the statute," and the statute only "applies to whistleblowers." (J.A. 90). Thus, because Santoro did not bring a Dodd-Frank whistleblower claim, he could not use Dodd-Frank to invalidate an otherwise valid arbitration agreement. Santoro noted a timely appeal.

## II.

On appeal, Santoro contends that the district court erred in compelling arbitration. We review de novo the district court's judgment compelling arbitration, as well as any questions of state contract law concerning the validity of the arbitration agreement. Muriithi v. Shuttle Express, Inc., 712 F.3d 173, 178 (4th Cir. 2013). In Santoro's view, Dodd-Frank

4

invalidates in toto all arbitration agreements by publicly-traded companies[2] that lack a carve-out for Dodd-Frank whistleblower claims, even if the plaintiff is not a whistleblower. Accenture contends that Dodd-Frank's scope is limited to plaintiffs bringing whistleblower claims.[3] For the following reasons, we agree with Accenture's interpretation of the statute.

A.

This case involves the intersection of two statutes, the Federal Arbitration Act (FAA) and Dodd-Frank. "When interpreting statutes we start with the plain language." U.S. Dep't of Labor v. N.C. Growers Ass'n, 377 F.3d 345, 350 (4th Cir. 2004). "It is well established that when the statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd-is to

---

[2] As relevant here, Dodd-Frank applies only to arbitration agreements by an "employer" subject to the Commodity Futures Trading Commission, 7 U.S.C. § 26(h)(1)(A), or a publicly-traded company and its private subsidiaries, 18 U.S.C. § 1514A. Accenture does not dispute that it is covered by Dodd-Frank. For purposes of this opinion, the term "employer" refers to employers covered by these statutes.

[3] Accenture asserts two additional grounds for affirmance—that applying Dodd-Frank in this case amounts to an improper retroactive application of the Act and that Santoro is collaterally estopped by the Superior Court's order compelling arbitration. Because we agree with Accenture that Dodd-Frank's scope is limited to plaintiffs bringing whistleblower claims, we have no occasion to address these alternate contentions.

enforce it according to its terms." Lamie v. U.S. Tr., 540 U.S. 526, 534 (2004) (internal quotation marks omitted). "[I]n looking to the plain meaning, we must consider the context in which the statutory words are used because '[w]e do not . . . construe statutory phrases in isolation; we read statutes as a whole.'" Ayes v. U.S. Dep't of Veterans Affairs, 473 F.3d 104, 108 (4th Cir. 2006) (quoting United States v. Morton, 467 U.S. 822, 828 (1984)). See also Smith v. United States, 508 U.S. 223, 233 (1993) ("Just as a single word cannot be read in isolation, nor can a single provision of a statute."). In sum, "[w]hen determining whether or not statutory language is plain, we consider the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." Lincoln v. Dir., Office of Workers' Comp. Programs, --- F.3d ---, 2014 WL 929367, at *2 (4th Cir. 2014) (internal quotation marks omitted).

B.

Congress enacted the FAA in 1925 "in response to widespread judicial hostility to arbitration agreements." AT&T Mobility LLC v. Concepcion, 131 S.Ct. 1740, 1745 (2011). Section 2 of the FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "embodies the national policy favoring arbitration

6

and places arbitration agreements on equal footing with all other contracts." Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 443 (2006). It thus represents a broad "federal policy favoring arbitration agreements," Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983), and courts must "rigorously enforce arbitration agreements according to their terms," Am. Express Co. v. Italian Colors Rest., 133 S.Ct. 2304, 2309 (2013) (internal quotation marks omitted).

Federal "statutory claims may be the subject of an arbitration agreement, enforceable pursuant to the FAA." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991). An exception exists, however, if the "FAA's mandate has been overridden by a contrary congressional command." Italian Colors Rest., 133 S.Ct. at 2309 (internal quotation marks omitted). Even then, "[t]he burden is on the party opposing arbitration . . . to show that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue." Shearson/Am. Express, Inc. v. McMahon, 482 U.S. 220, 227 (1987).

Here, it is undisputed that (1) Santoro's employment contract had an arbitration agreement; and (2) Santoro's federal claims fall within the broad "all disputes" language of that agreement. Santoro, however, seeks to avoid arbitration by pointing to recent limitations on arbitration made by Dodd-Frank. In Santoro's view, Dodd-Frank represents a "contrary

7

congressional command" that overrides the otherwise valid arbitration clause in his employment contract.

C.

As relevant here, one of the goals of Dodd-Frank was to strengthen whistleblower protections for employees reporting illegal or fraudulent activity by their employer. To this end, Congress enacted 7 U.S.C. § 26, which amended the Commodities Exchange Act by adding a provision prohibiting retaliation by a covered employer against a "whistleblower." 7 U.S.C. § 26(h)(1)(A). The statute creates a cause of action for whistleblowers, § 26(h)(1)(B)(i), and then protects the cause of action through § 26(n), which provides:

> (n) Nonenforceability of certain provisions waiving rights and remedies or requiring arbitration of disputes
>
> (1) Waiver of rights and remedies
>
> The rights and remedies provided for in this section may not be waived by any agreement, policy form, or condition of employment including by a predispute arbitration agreement.
>
> (2) Predispute arbitration agreements
>
> No predispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under this section.

7 U.S.C. § 26(n).

In addition to this amendment to the Commodities Exchange Act, Dodd-Frank amended 18 U.S.C. § 1514A, which was first enacted as part of the Sarbanes-Oxley Act of 2002. This

8

provision is titled "Civil Action to protect against retaliation in fraud cases," and the first subsection is expressly labeled "Whistleblower protection for employees of publicly traded companies." Subsections (b) and (c) create a cause of action and remedies for violations of the substantive whistleblower provision. The final subsection, § 1514A(e), then mirrors the language of 7 U.S.C. § 26(n), providing:

> Nonenforceability of certain provisions waiving rights and remedies or requiring arbitration of disputes.—
>
> (1) Waiver of rights and remedies.—The rights and remedies provided for in this section may not be waived by any agreement, policy form, or condition of employment, including by a predispute arbitration agreement.
>
> (2) Predispute arbitration agreements.—No predispute arbitration agreement shall be valid or enforceable, if the agreement requires arbitration of a dispute arising under this section.

18 U.S.C. § 1514A(e).

Santoro contends that these provisions invalidate all predispute arbitration agreements lacking a Dodd-Frank carve-out, even for plaintiffs who are not pursuing any whistleblower claims. Under Santoro's reading of the statute, because his contract with Accenture does not carve out Dodd-Frank claims from arbitration and thus "requires arbitration" of such claims, the entire arbitration agreement is not "valid or enforceable."

9

D.

Initially, it is clear that Dodd-Frank prohibits predispute agreements to arbitrate whistleblower claims. The Supreme Court in dicta has pointed to Congress's language in Dodd-Frank as a model of "clarity" for limiting arbitration, and we agree. CompuCredit Corp. v. Greenwood, 132 S.Ct. 665, 672 (2012). Dodd-Frank works to render "nonenforceabl[e]" "certain provisions" that require "arbitration of disputes" "under this section." Thus, an agreement to arbitrate whistleblower claims is not "valid or enforceable." This language represents a clear Congressional command that Dodd-Frank whistleblower claims are not subject to predispute arbitration. It does not follow, however, that Dodd-Frank likewise prohibits the arbitration of non-whistleblower claims simply because an arbitration agreement does not carve-out Dodd-Frank whistleblower claims. Instead, we think the language, context, and enactment of the statute lead to the opposite conclusion.

To begin, the statute's language does not support Santoro's reading. Subsections[4] (1) and (2) both focus on the rights and remedies "in this" and "under this" "section," i.e., whistleblower claims, and the prohibition of any provision that

---

[4] Citations to subsections (1) and (2) refer to both 7 U.S.C. § 26(n) and 18 U.S.C. § 1514A(e).

10

would waive or limit judicial resolution of <u>those</u> claims, not of the many variety of claims that may arise during an employment relationship. Subsection (1) specifies that the rights under the statute—the whistleblower cause of action—cannot be "waived" by predispute arbitration. Subsection (2) simply reiterates that whistleblowers cannot waive their right to a civil action in a judicial forum by agreeing to arbitrate. Accenture is not requiring Santoro to arbitrate a claim "arising under this section;" rather, it is requiring him to arbitrate claims arising under other federal statutes pursuant to an otherwise valid arbitration agreement. Under Dodd-Frank, Congress has protected the right to bring a whistleblower cause of action in a judicial forum, nothing more.

Santoro seeks to unmoor subsection (2) from its placement in Dodd-Frank and instead apply it as a broad, free-standing right, creating a windfall for non-whistleblowing employees. By doing so, he overlooks both the limiting language within subsection (2) and the broader context of the statute, in violation of the "cardinal rule," that the "statute is to be read as a whole since the meaning of statutory language, plain or not, depends on context." <u>King v. St. Vincent's Hosp.</u>, 502 U.S. 215, 221 (1991) (citations omitted). To that end, even if we assume that the "ordinary meaning" of the phrase "[n]o predispute arbitration agreement shall be valid" is "expansive,"

11

"its application is limited by the 'broader context' of [§ 1514A] as a whole." Country Vintner of N.C., LLC v. E & J Gallo Winery, Inc., 718 F.3d 249, 259 (4th Cir. 2013) (quoting In re Total Realty Mgmt., LLC, 706 F.3d 245, 251 (4th Cir. 2013)).

Dodd-Frank created causes of action for whistleblowers and then protected those causes of action by barring their waiver in "predispute arbitration agreements." Nothing in Dodd-Frank suggests that Congress sought to bar arbitration of every claim if the arbitration agreement in question did not exempt Dodd-Frank claims.[5] Nothing in Dodd-Frank even refers to arbitration apart from this limited reference in these statutory provisions that are otherwise concerned solely with the creation of a cause of action for whistleblowing employees. To conclude otherwise would be to forget that "Congress . . . does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions—it does not one might say, hide elephants

---

[5] Santoro notes that Congress has used more circumscribed language in other statutes that bar claims from being arbitrated to support his reading of Dodd-Frank. See, e.g., 12 U.S.C. § 5567(d)(2) (provision of the Consumer Financial Protection Act that prohibits arbitration agreements only "to the extent that [they require] arbitration of a dispute arising under this section"). The fact that Congress used alternate language in another statutory context does not persuade us that Congress intended Dodd-Frank to be as expansive as Santoro suggests, nor does it mean that Congress cannot make the same point using different language.

in mouseholes." Gonzales v. Oregon, 546 U.S. 243, 267 (2006) (internal quotation marks omitted). But that is exactly what Santoro requests—concluding that in this mousehole, Congress essentially grafted a new section onto the FAA by requiring every employer's arbitration agreement to carve out an exception for whistleblowers. Given the statute's language and context, Santoro cannot meet his burden of showing that Dodd-Frank represents a contrary congressional command overriding the validity of arbitration clauses as to non-whistleblower claims.

Our conclusion is further buttressed by the context surrounding the enactment of Dodd-Frank. At the time Congress enacted these provisions of Dodd-Frank it was legislating against two background pieces of information. First, courts had consistently held that whistleblower claims under Sarbanes-Oxley were subject to arbitration. See Guyden v. Aetna, Inc., 544 F.3d 376, 383-84 (2d. Cir. 2008).[6] In addition, the Supreme Court had noted in dicta that "non-waiver of rights" provisions—like § 26(n)(1) and § 1514A(e)(1) "did not explicitly preclude

_____

[6] In fact, the first case reaching this conclusion was decided only a year after Congress enacted Sarbanes-Oxley. Boss v. Salomon Smith Barney Inc., 263 F.Supp.2d 684 (S.D.N.Y. 2003).

13

arbitration or other nonjudicial resolution of claims." <u>Gilmer</u>, 500 U.S. at 29.[7]

"Congress is presumed to act with awareness of a judicial interpretation of a statute." <u>Sayyed v. Wolpoff & Abramson</u>, 485 F.3d 226, 231 (4th Cir. 2007). Thus, in enacting Dodd-Frank, Congress would have been aware that Sarbanes-Oxley whistleblower claims were subject to arbitration and that non-waiver of rights provisions like § 26(n)(1) and § 1514A(e)(1) may not, standing alone, override the FAA. This background further supports the conclusion that Dodd-Frank simply overrules <u>Guyden</u> and makes clear—by supporting the non-waiver of rights language of subsection (1) with the explicit language of subsection (2)—that whistleblower claims cannot be subject to predispute agreements to arbitrate.

Accordingly, we hold that, where the plaintiff is not pursuing Dodd-Frank whistleblower claims, neither 7 U.S.C. § 26(n)(2), nor 18 U.S.C. § 1514A(e)(2) overrides the FAA's mandate that arbitration agreements are enforceable.[8] Because

---

[7] In <u>CompuCredit</u>, the Court reiterated that "[i]t takes a considerable stretch to regard [a] nonwaiver provision as a 'congressional command' that the FAA shall not apply." <u>CompuCredit</u>, 132 S.Ct. at 671.

[8] In reaching this conclusion, we find ourselves in accord with the Fifth Circuit. <u>See</u> <u>Holmes v. Air Liquide USA, LLC</u>, 498 Fed. App'x 405, 407 (5th Cir. 2012) (enforcing arbitration agreement where "[plaintiff] brings no Dodd-Frank claims," and (Continued)

14

Santoro is not pursuing a "dispute under this section" Dodd-Frank does not bar arbitration of Santoro's federal claims.

## III.

For the foregoing reasons, we affirm the district court's order compelling arbitration of Santoro's federal claims.

AFFIRMED

---

the "Agreement does not 'require arbitration of a dispute arising under'" Dodd-Frank). Our conclusion likewise comports with several district courts to have considered the issue, see Yegin v. BBVA Compass, 2013 WL 622565, *2 (N.D. Ala. Feb. 19, 2013); Rodriguez v. Charles Schwab Corp., 2013 WL 911959, *5 (W.D. Tenn. Jan. 29, 2013), and is consistent with those decisions concluding that Dodd-Frank does bar arbitration of covered whistleblower claims, see Wong v. CKX, Inc., 890 F.Supp.2d 411, 421 (S.D.N.Y. 2012) (noting "whistleblower claims are no longer arbitrable"); Pezza v. Investors Capital Corp., 767 F.Supp.2d 225, 227 (D. Mass. 2011) (noting "Dodd-Frank Act enacted a bar to predispute arbitration agreements for whistleblower claims").