**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3489
_____

JONATHAN VALENTIN,
                              Appellant

v.

ADECCO
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:17-cv-05366)
District Judge:  Honorable C. Darnell Jones II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 8, 2019
Before:  MCKEE, COWEN and RENDELL, Circuit Judges

(Opinion filed September 18, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Jonathan Valentin appeals from the District Court's order granting defendant's motion to dismiss and compel arbitration. For the following reasons, we will affirm.

Valentin filed a complaint against ADECCO in the United States District Court for the Eastern District of Pennsylvania, claiming employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. In particular, Valentin alleged that ADECCO discriminated against him by failing to hire him due to his "national origin and the severity of [his] criminal [offenses]." (ECF #11, at 5). Valentin moved for appointment of counsel. The District Court denied his request and ordered him to show cause why his claims should not be dismissed for failure to prosecute. Valentin thereafter filed an amended complaint. ADECCO moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint and compel arbitration, arguing that Valentin's claims fell within the arbitration agreement that he had e-signed as part of his job application. Valentin did not respond and, by order entered October 3, 2018, the District Court granted ADECCO's motion. Valentin appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. See Control Screening LLC v. Tech. Application & Prod. Co., 687 F.3d 163, 166–67 (3d Cir. 2012). We exercise plenary review of the District Court's decision to compel arbitration. See Khazin v. TD Ameritrade Holding Corp., 773 F.3d 488, 490 n.1 (3d Cir. 2014).

2

Although there is a "strong federal policy in favor of the resolution of disputes through arbitration," Alexander v. Anthony Intern., L.P., 341 F.3d 256, 263 (3d Cir. 2003), that policy "does not lead automatically to the submission of a dispute to arbitration upon the demand of a party to the dispute." Century Indem. Co. v. Certain Underwriters at Lloyd's, London, 584 F.3d 513, 523 (3rd Cir. 2009). Instead, "[b]efore compelling a party to arbitrate pursuant to the [Federal Arbitration Act ("FAA")], a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." Id. (citing Kirleis v. Dickie, McCamey & Chilcote, P.C., 560 F.3d 156, 160 (3d Cir. 2009)).

ADECCO argued in its motion to dismiss that Valentin's claims fell within the arbitration agreement that he e-signed as part of his job application. Notably, Valentin did not challenge the validity or scope of the arbitration agreement in the District Court or on appeal. Moreover, we see no reason to conclude that the signed arbitration agreement is invalid. Cf. Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 686-87 (1996) (stating that "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements"). Furthermore, the dispute falls squarely within the agreement's scope. See In re Prudential Ins. Co., 133 F.3d 225, 231 (3d Cir. 1998) (stating that "when it cannot be said 'with positive assurance' that the parties have clearly and unequivocally excepted a certain dispute from arbitration, the court must compel arbitration."). The arbitration agreement stated that

3

"the Company and Employee agree that any and all disputes, claims, or controversies arising out of or relating to this Agreement, the employment relationship between the parties, or the termination of the employment relationship, shall be resolved by binding arbitration in accordance with the Employment Arbitration Rules of the American Arbitration Associates then in effect." (ECF #18-3, at 11 of 14). The agreement further provided that it applied, "without limitation, to disputes regarding the employment relationship, and claims arising under the … Civil Rights Act of 1964, … and state statutes, if any, addressing the same or similar subject matters …." (Id.) Those provisions clearly cover Valentin's allegation that ADECCO discriminated against him based on his national origin and criminal record.

For the foregoing reasons, we will affirm the District Court's judgment.