ALD-204 & ALD-205                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-3609 & 19-3610
_____

MARK DOWNEY,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action Nos. 1:19-cv-01212 & 1:19-cv-01258)
District Judge:  Honorable Colm F. Connolly
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 21, 2020
Before: MCKEE, SHWARTZ and PHIPPS, <u>Circuit</u> <u>Judges</u>
(Opinion filed:  June 11, 2020)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Mark Downey, proceeding pro se, appeals from an order of the United States District Court for the District of Delaware dismissing his qui tam action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). For the following reasons, we will affirm.

In June and July 2019, Downey filed largely identical pro se complaints which he identified as qui tam actions under the False Claims Act and the Dodd-Frank Wall Street Reform and Consumer Protection Act. Proclaiming that he "represents the Federal Government," Downey asserted that he sought to "recover numerous massive cost-overruns, excessive spending, delinquent accounts, fraud and undiscovered revenue recovery with the goal to eliminate the mounting $21 Trillion Federal Budget Deficit for our Children's Children." His complaints also invoked the Federal Tort Claims Act, the Fair Labor Standards Act, and various federal criminal statutes.

The cases proceeded along similar tracks. The District Court granted Downey's motions to proceed in forma pauperis and, on October 30, 2019, issued separate but similar opinions dismissing the complaints as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). In particular, the District Court held that a pro se litigant may not pursue a qui tam action on behalf of the Government. The District Court also concluded that "the Complaint[s] do[] not state a claim under the Dodd-Frank Act." Furthermore, the District Court held that Downey lacked standing to raise criminal claims and that, even under the relaxed pleading standard afforded to pro se litigants, Downey failed to "identify what provisions of the numerous statutes he invokes were violated." The District Court further noted that the complaints did not "request any feasible relief or state a basis for [Downey's]

entitlement to such relief." Finally, the District Court stated in its orders that "[a]mendment is futile." Downey appealed.[1]

The False Claims Act enables private parties, known as relators, to bring enforcement actions on behalf of the United States to recover funds which were fraudulently obtained, and to share in any resulting damages award. 31 U.S.C. § 3729, et seq.; see also U.S. ex rel. Wilkins v. United Health Grp., Inc., 659 F.3d 295, 304-05 (3d Cir. 2011). When a relator files a qui tam suit, the action is deemed to be brought "for the person and for the United States Government." 31 U.S.C. § 3730(b)(1). Indeed, "while the False Claims Act permits relators to control the False Claims Act litigation, the claim itself belongs to the United States." U.S. ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 93 (2d Cir. 2008). We have held, however, that an individual proceeding pro se may not represent third parties in federal court. See Lazaridis v. Wehmer, 591 F.3d 666, 672 (3d Cir. 2010); see also 28 U.S.C. § 1654 (providing that in federal court, "parties may plead and conduct their own cases personally or by counsel ...."). Therefore, a pro se litigant may not pursue a qui tam action on behalf of the Government. See Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 245 (4th Cir. 2020) (recognizing that "[t]his stance is in accord with the decisions of our sister circuits that have addressed this issue"). Downey did not allege that he had a personal interest in the qui tam portion of this action; rather, he emphasized that his goal is to help the federal government eliminate

---

[1] We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's sua sponte dismissal of Downey's claims as frivolous under § 1915(e). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir.2000).

the budget deficit. Accordingly, the District Court properly held that Downey, a pro se relator, could not puruse the qui tam action.

The District Court also properly rejected Downey's attempt to raise claims under the Dodd-Frank Act. The Dodd-Frank Act created a private cause of action in federal court for whistleblowers who believe that they have been retaliated against for taking specified protected actions. See Khazin v. TD Ameritrade Holding Corp., 773 F.3d 488, 491 (3d Cir. 2014) (citing 15 U.S.C. § 78u–6(h)(1)(B)(i)). The Supreme Court has held that the anti-retaliation provision of the Dodd-Frank Act does not extend to an individual who has not reported a violation of the securities laws to the Securities and Exchange Commission. Digital Realty Trust, Inc. v. Somers, 138 S. Ct. 767, 772-73 (2018) (quoting 15 U.S.C. § 78u-6(a)(6)). Although both of Downey' complaints made passing reference the Securities and Exchange Commission, he did not allege that he provided information relating to a violation of the securities laws to the SEC. Accordingly, he cannot maintain whistleblower protection claim under the Dodd-Frank Act.

Downey also appeared to seek relief under various federal statutes, including the Federal Tort Claims Act and the Fair Labor Standards Act, but his mere citation to those statutes is insufficient to state plausible claims for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In addition, the various federal criminal statutes that Downey cited do not give rise to a private cause of action. See Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of

4

action from a "bare criminal statute"); <u>Leeke v. Timmerman</u>, 454 U.S. 83, 85-86 (1981) (holding that a private party has no right to compel enforcement of criminal laws). Finally, we agree with the District Court that any amendment to the complaint would be futile, and thus see no abuse of discretion in the dismissal without leave to amend. <u>See</u> <u>Winer Family Tr. v. Queen</u>, 503 F.3d 319, 330-31 (3d Cir. 2007) (stating that a district court may deny leave to amend where amendment would be futile); <u>see also</u> <u>Wakeen v. Hoffman House, Inc.</u>, 724 F.2d 1238, 1244 (7th Cir. 1983) (holding that futile pleadings include those that reassert claims previously determined).

For the foregoing reasons, no substantial question is presented by these appeals. Accordingly, we will summarily affirm the judgments of the District Court. <u>See</u> 3d Cir. LAR 27.4; I.O.P. 10.6.