**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2984
_____

HENRY GRAJALES-EL,
                                        Appellant

v.

AMAZON PRIME
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-22-cv-03455)
District Judge:  Honorable R. Barclay Surrick
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 2, 2024

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: August 29, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Henry Grajales-El is a delivery driver for TAC Delivery Service, LLC (TACD), a package-delivery company that delivers packages for Appellee Amazon Logistics, Inc. (Amazon). Grajales-El filed a complaint in the Court of Common Pleas of Lancaster County alleging that Amazon had wrongfully accused him of committing safety violations, which caused TACD to take disciplinary action against him. Amazon removed the state-court action to federal court and filed a motion to compel arbitration based on an arbitration agreement within Grajales-El's employment contract with TACD. The District Court granted the motion, ordered Grajales-El to proceed to arbitration, and dismissed the complaint. Grajales-El appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16(a)(3). See Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 89 (2000); Cup v. Ampco Pittsburgh Corp., 903 F.3d 58, 62 (3d Cir. 2018). We exercise plenary review of the District Court's decision to compel arbitration. See Khazin v. TD Ameritrade Holding Corp., 773 F.3d 488, 490 n.1 (3d Cir. 2014).

The District Court erred in granting Amazon's motion to compel. "[W]hen it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." Guidotti v. Legal Helpers Debt Resol., L.L.C., 716 F.3d 764, 776 (3d Cir. 2013) (quotation marks omitted). But if arbitrability is not apparent on the face of the complaint or documents relied upon therein, the motion to compel must be denied pending limited discovery on the issue. Id. at 774.

2

Here, Grajales-El's complaint makes no reference to his employment contract's arbitration provision, and he did not attach it as an exhibit. Rather, Amazon brought its existence into the case for the first time in its motion to compel. Under the applicable Rule 12(b)(6) standard, the District Court was not permitted to rely on Amazon's filing to analyze the validity or enforceability of the arbitration agreement. See Guidotti, 716 F.3d at 776; see also Singh v. Uber Techs. Inc., 939 F.3d 210, 219 (3d Cir. 2019) (assessing applicability of an FAA exclusion based on the face of the amended complaint and the agreement attached to the amended complaint, while discounting an affidavit submitted by Uber). Therefore, the District Court erred in granting Amazon's motion to dismiss.

Moreover, before the District Court invoked its power under the FAA to compel arbitration, it was required to first determine whether that power is limited by § 1's "contracts of employment" exclusion. See New Prime Inc. v. Oliveira, 586 U.S. 105, 110 (2019); Harper v. Amazon.com Servs., Inc., 12 F.4th 287, 293 (3d Cir. 2021). In § 1, Congress provided that "nothing" in the FAA "shall apply to contracts of employment of seamen, railroad employees, or *any other class of workers engaged in foreign or interstate commerce*." 9 U.S.C. § 1 (emphasis added). It is arguable that this exclusion applies here. See, e.g., Waithaka v. Amazon.com, Inc., 966 F.3d 10, 26 (1st Cir. 2020) ("Waithaka and other last-mile delivery workers who haul goods on the final legs of interstate journeys are transportation workers 'engaged in . . . interstate commerce,' regardless of whether the workers themselves physically cross state lines."); Rittmann v. Amazon.com, Inc., 971 F.3d 904, 915 (9th Cir. 2020) (concluding that AmFlex delivery providers are exempt under § 1 even though they are primarily local drivers because "the

3

Amazon packages they carry are goods that remain in the stream of interstate commerce until they are delivered").

Thus, on remand, the District Court must determine whether Grajales-El's employment contract falls within scope of § 1. To do so, the court should proceed as follows: (1) consider, based on the face of the complaint and related documents alone, whether the FAA governs or whether § 1 applies; (2) if the answer to that question is "murky," consider whether the dispute must be arbitrated under Pennsylvania law; and (3) if Pennsylvania law does not compel arbitration, go back to the FAA for limited discovery. Harper, 12 F.4th at 296.

The District Court also erred in dismissing the action instead of staying it. When, as here, a district court determines that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the district court is required under § 3 of the FAA to stay the proceeding. Smith v. Spizzirri, 144 S. Ct. 1173, 1178 (2024). Therefore, if the District Court ultimately grants Amazon's motion to compel and directs Grajales-El to take his claims to arbitration, the District Court should stay the federal-court matter.

Accordingly, we will vacate the District Court's order and remand the matter for further proceedings consistent with this opinion.[1]

---

[1] We decline to consider the arguments that Grajales-El raises for the first time on appeal, as Amazon requested. See Simko v. U.S. Steel Corp, 992 F.3d 198, 205 (3d Cir. 2021). We recognize that Grajales-El did not raise the § 1-exclusion argument either. We nonetheless provide guidance on that issue for the District Court because if the § 1 exclusion applies, then, contrary to its previous determination, the FAA does not.

4