# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 26, 2012

No. 12-20129
Summary Calendar

Lyle W. Cayce
Clerk

JAMIE V. HOLMES,

Plaintiff-Appellant

v.

AIR LIQUIDE USA, L.L.C; AIR LIQUIDE INDUSTRIAL U.S. L.P., doing buisness as Air Liquide America,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-2580

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jamie V. Holmes appeals the district court's dismissal of her discrimination claims against Defendants-Appellees Air Liquide USA, L.L.C., and Air Liquide Industrial U.S. L.P. (collectively, "Air Liquide"), based on the parties' arbitration agreement ("ADR Agreement"). She contends on appeal that the Dodd-Frank Wall Street Reform and Consumer Protection Act,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-20129

Pub. L. No. 111-203, 124 Stat. 1376 (2010) ("Dodd-Frank Act" or "Act") renders the ADR Agreement unenforceable. We disagree and AFFIRM.

Following her termination in 2010, Holmes sued her former employer, Air Liquide, asserting claims under the Americans with Disabilities Act, the Texas Commission on Human Rights Act, Title VII of the Civil Rights Act of 1964 , and the Family and Medical Leave Act. Air Liquide moved to compel arbitration according to the terms of the parties' 2006 ADR Agreement.[1] The district court found the ADR Agreement valid and enforceable, granted Air Liquide's motion to compel arbitration, and dismissed the case. *Holmes v. Air Liquide USA LLC*, No. H-11-2580, 2012 WL 267194, at *7 (S.D. Tex. Jan. 30, 2012). Holmes timely appealed.

This court reviews the district court's grant of a motion to compel arbitration de novo. *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 708 (5th Cir. 2002). The two-step inquiry to determine whether the parties should be compelled to arbitrate requires the court to establish (1) "whether the parties agreed to arbitrate the dispute," and, if so, (2) "whether any federal statute or policy renders the claims non-arbitrable." *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir. 2004) (internal citation and quotation marks omitted). Holmes does not challenge the district court's finding that the parties entered into a valid and enforceable arbitration agreement. Instead, she argues that certain provisions of the Dodd-Frank Act render the ADR Agreement invalid and unenforceable.[2]

---

[1] In relevant part, the agreement reads: "All disputes arising out of or relating to the interpretation and application of this ADR Agreement or the employee's employment with Air Liquide or the termination of employment . . . shall be resolved through ADR, including binding arbitration if necessary."

[2] Holmes also contends that the Dodd-Frank Act applies retroactively, thereby invalidating the ADR Agreement. We acknowledge the current debate in the district courts on this matter. *Compare Wong v. CKX, Inc.*, No. 11 Civ. 6291(JGK), 2012 WL 3893609 (S.D.N.Y. Sept. 10, 2012) (applying arbitration provisions of Dodd-Frank retroactively), *with*

No. 12-20129

Critically, Holmes admits that none of her claims arise under the Dodd-Frank Act or have anything to do with the provisions addressed in the Dodd-Frank Act. She nonetheless argues that the Act precludes arbitration of her claims because the ADR Agreement's broad scope ("all disputes") would require arbitration if she had brought them under the Act. She attempts to support this assertion by contrasting the language in three provisions of the Act. *Compare* 7 U.S.C. § 26(n)(2) ("Commodity Exchanges Provision"), *and* 18 U.S.C. § 1514A(e)(2) ("Sarbanes-Oxley Provision") (prohibiting any "predispute arbitration agreement [from being] valid or enforceable, if the agreement requires arbitration of a dispute arising under this section"), *with* 12 U.S.C. § 5567(d)(2) ("Bureau of Consumer Financial Protection Provision") (prohibiting predispute arbitration agreements "to the extent that [they require] arbitration of a dispute arising under this section").

Holmes posits that while Congress drafted the Bureau of Consumer Financial Protection Provision using the language "to the extent that," thereby requiring a claim to arise under that statute before the pre-dispute arbitration provision would apply, there is no such requirement in the Sarbanes-Oxley or Commodity Exchanges Provisions. Therefore, Holmes argues, because the ADR Agreement encompasses "all disputes," and because the former two provisions do not contain the limiting "to the extent" language, the fact that Holmes *could* have brought Sarbanes-Oxley and Commodity Exchanges Act claims renders the entire agreement invalid, even though she did not actually assert these claims.

Holmes's argument is unavailing. Because she brings no Dodd-Frank claims, the ADR Agreement does not "require[] arbitration of a dispute arising

---

*Blackwell v. Bank of Am. Corp.*, No. 7:11-2475-JMC-KFM, 2012 WL 1229673 (D.S.C. Mar. 22, 2012) (refusing to apply Dodd-Frank to retroactively bar arbitration agreements). Because we conclude that the Dodd-Frank Act does not apply here, however, we do not reach Holmes's retroactivity argument.

under [the Commodity Exchanges or Sarbanes-Oxley Provisions]." *See* 7 U.S.C. § 26(n)(2); 18 U.S.C. § 1514A(e)(2). Thus, the Act does not foreclose arbitration here. Any other decision would lead to the untenable conclusion that the Act wholesale invalidates all broadly-worded arbitration agreements (of which there are many) even when plaintiffs bring wholly unrelated claims. We must interpret the Act in a manner that avoids such unreasonable results. *See Birdwell v. Skeen*, 983 F.2d 1332, 1337 (5th Cir. 1993); *cf. Gonzales v. Oregon*, 546 U.S. 243, 267 (2006) ("'Congress, we have held, does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions—it does not, one might say, hide elephants in mouseholes.'" (citations omitted)). We conclude that the Dodd-Frank Act did not invalidate the ADR Agreement for the disputes Holmes actually brought.

AFFIRMED.