**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 14-1485**

───────────────

PATRICIO DAVID TREJO,

                    Plaintiff,

MOHAMMAD SAZZAD JAHIR; ANTHONY MINTU GOMES,

                    Plaintiffs – Appellants,

          v.

RYMAN HOSPITALITY PROPERTIES, INC., a  Delaware corporation;
MARRIOTT INTERNATIONAL, INC., a  Delaware corporation,

                    Defendants – Appellees.

---------------------------

UNITED STATES OF AMERICA,

                    Amicus Curiae.

───────────────

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:13-cv-02911-RWT)

───────────────

Argued:  May 12, 2015                    Decided:  July 29, 2015

───────────────

Before SHEDD, DUNCAN, and HARRIS, Circuit Judges.

───────────────

Affirmed by published opinion.  Judge Shedd wrote the opinion,
in which Judge Duncan joined.  Judge Harris wrote a separate
opinion concurring in the judgment.

───────────────

**ARGUED:** Charity Chidinma Emeronye Swift, SWIFT & SWIFT, ATTORNEYS AT LAW, P.L.L.C., Alexandria, Virginia, for Appellants. Joshua B. Waxman, LITTLER MENDELSON, P.C., Houston, Texas; Daniel Vincent Johns, BALLARD SPAHR LLP, Philadelphia, Pennsylvania, for Appellees. **ON BRIEF:** Stephen Christopher Swift, SWIFT & SWIFT, ATTORNEYS AT LAW, P.L.L.C., Alexandria, Virginia, for Appellants. Steven E. Kaplan, Washington, D.C., David B. Jordan, LITTLER MENDELSON, P.C., Houston, Texas, for Appellee Marriott International, Incorporated; Michelle M. McGeogh, BALLARD SPAHR LLP, Baltimore, Maryland, for Appellee Ryman Hospitality Properties, Inc. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, Joyce R. Branda, Acting Assistant Attorney General, Michael Jay Singer, John S. Koppel, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Amicus United States of America.

2

SHEDD, Circuit Judge:

Mohammad Sazzad and Anthony Gomes (the Plaintiffs)[1] brought this action against their employers, Ryman Hospitality Properties Inc., and Marriott International, Inc. (the Defendants), alleging violations of the tip-credit provision of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(m), their collective bargaining agreement, and Maryland's Wage Payment and Collection Law. For the following reasons, we affirm the district court's dismissal of the complaint.

I.

The Plaintiffs work as servers for hotels and restaurants at the National Harbor complex in Prince George's County, Maryland.[2] The properties were previously owned by Ryman but are currently owned and operated by Marriott. The Plaintiffs are also members of the UNITE HERE, Local 25 union. Although the servers have not voluntarily agreed to a tip-pooling arrangement, the Plaintiffs allege that the Defendants take a

---

[1] A third plaintiff, Patricio Trejo, did not file an appearance on appeal and was dismissed pursuant to Local Rule 45 for failure to prosecute.

[2] The facts are taken from the Plaintiffs' complaint. Because we are reviewing the district court's grant of a Rule 12(b)(6) motion to dismiss, we accept the allegations in the complaint as true and construe them in the light most favorable to the Plaintiffs. See Coleman v. Maryland Court of Appeals, 626 F.3d 187, 189 (4th Cir. 2010).

3

portion of their tips—roughly 4% of the total daily food and drink sales—and redistribute those tips to bartenders, server assistants, busboys, and food runners. (J.A. 11-12). Sazzad eventually asked a union official if the tip-pooling arrangement was legal and was told that it was not.

In response, the Plaintiffs filed suit against the Defendants, alleging that the tip-pooling arrangement violated the FLSA, 29 U.S.C. § 203(m), the 2009 Collective Bargaining Agreement between UNITE HERE and the Defendants, and the Maryland Wage Payment and Collection Law. Importantly, the Plaintiffs allege that the Defendants violated the FLSA by "not paying Plaintiffs all their earned tips," (J.A. 14), and limit their requested relief to, inter alia, "the amount of tip wages" taken by the Defendants (J.A. 16). Thus, the Plaintiffs do not allege that they were paid below minimum wage; even absent tips, their base salary was above the minimum wage at all times. Further, the Plaintiffs do not allege that they were forced to work overtime without proper pay.

The district court, following a hearing, granted the Defendants' Rule 12(b)(6) motion to dismiss. As to the FLSA count, the court held that because the Plaintiffs were paid the minimum wage, § 203(m) "does not have anything to do with this case." (J.A. 131). The court noted that the Plaintiffs "do not want to" allege a violation of Department of Labor Regulations

4

which extend § 203(m) to employers who are not utilizing the statute's tip credit, (J.A. 131), but nonetheless stated that those regulations "exceeded [the Department of Labor's] authority and . . . don't get past step 1 of the Chevron[3] analysis in terms of deference," (J.A. 132). The court dismissed the collective bargaining count for failure to exhaust, and the Maryland state law count because the Plaintiffs agreed that a "tip" was not a "wage" under the Maryland statute. The Plaintiffs timely appealed.[4]

## II.

The Plaintiffs continue to press their claim that the Defendants violated the FLSA by requiring them to join the tip-pooling arrangement.[5] We review the grant of a motion to dismiss under Rule 12(b)(6) de novo. United States ex rel. Rostholder v.

---

[3] Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984).

[4] The Plaintiffs did not appeal the district court's dismissal of the collective bargaining or Maryland state law claims.

[5] After briefing concluded, the Government filed an amicus brief primarily arguing that the Department of Labor regulations promulgated under § 203(m), which require that employers comply with the statutory restrictions on use of employee tips even if they otherwise are paying minimum wage, are a valid exercise of the agency's gap-filling authority. The Plaintiffs have repeatedly argued that they are pursuing a claim only under the FLSA and that the regulations are "not an issue" in this case. (J.A. 100). Accordingly, we have no occasion to opine on the validity of the regulations in this appeal.

Omnicare, Inc., 745 F.3d 694, 700 (4th Cir. 2013). The Plaintiffs' argument turns on a question of statutory interpretation. "When interpreting statutes we start with the plain language." U.S. Dep't of Labor v. N.C. Growers Ass'n, 377 F.3d 345, 350 (4th Cir. 2004). "It is well established that when the statute's language is plain, the sole function of the courts-at least where the disposition required by the text is not absurd-is to enforce it according to its terms." Lamie v. U.S. Tr., 540 U.S. 526, 534 (2004) (internal quotation marks omitted). In determining the plain meaning of the text, we must consider the "broader context of the statute" as a whole, Santoro v. Accenture Fed. Servs., LLC, 748 F.3d 217, 223 (4th Cir. 2014), in light of the "cardinal rule," that "the meaning of statutory language, plain or not, depends on context." King v. St. Vincent's Hosp., 502 U.S. 215, 221 (1991) (citations omitted).

The FLSA is best understood as the "minimum wage/maximum hour law." Monahan v. County of Chesterfield, 95 F.3d 1263, 1266 (4th Cir. 1996) (internal quotation marks omitted). In enacting the FLSA, Congress intended "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981). "'The substantive sections of the FLSA, narrowly focusing on minimum wage rates and maximum working hours, bear out its

6

limited purposes.'" Monahan, 95 F.3d at 1267 (quoting Lyon v. Whisman, 45 F.3d 758, 764 (3d Cir. 1995)). Thus, the Act requires payment of a minimum wage, 29 U.S.C. § 206(a), and limits the maximum working hours an employee may work without receiving overtime compensation, 29 U.S.C. § 207(a). Section 216(b) provides a cause of action for violations of these two provisions, permitting employees to seek damages, as relevant here, in "the amount of their unpaid minimum wages" and (in appropriate circumstances) an equal amount of liquidated damages. 29 U.S.C. § 216(b).[6]

Here, the Plaintiffs concede that they are paid a full minimum wage absent tips. See J.A. 100 ("Section 206 talks about employer's paying minimum wage. We never mentioned minimum wage in our complaint . . . because that was not our problem"). Under direct questioning from the district court, and at oral argument before us, the Plaintiffs affirmed that they are paid the minimum wage and that the Defendants do not claim the tip credit to pay the minimum wage. Accordingly, the Plaintiffs essentially concede that they do not have a private right of action under § 216(b) because they are not seeking damages for unpaid minimum wages. See Monahan, 95 F.3d at 1284 (rejecting a pure gap time

---

[6] The Secretary of Labor is empowered to bring an action for unpaid wages under § 216(b) and an action to restrain violations of the FLSA, 29 U.S.C. § 217.

pay claim under the FLSA because, "[i]f the employee has been properly paid at or above minimum wage for all nonovertime hours" there is no FLSA violation).

Instead, however, the Plaintiffs argue that § 203(m), commonly called the tip credit provision, creates a free-standing right to bring a claim for lost "tip" wages. Passed in 1974, § 203(m) defines the term "wage" for "tipped employees" as follows:

> In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to-- (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.

> The additional amount on account of tips may not exceed the value of the tips actually received by an employee.

> The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

> 29 U.S.C. § 203(m).

In other words, § 203(m) permits an employer, in certain circumstances, to take a credit against the minimum wage by using an employees' tips as "wages." An employer can thus pay

8

tipped employees (1) a cash wage of $2.13 plus (2) an additional amount in tips that brings the total wage to the federal minimum wage. Cumbie v. Woody Woo, Inc., 596 F.3d 577, 580 (9th Cir. 2010). In a situation where the employer uses tips to help meet the minimum wage requirement for its employees, the employee must be informed of this fact and the employee must also be permitted to keep tips, unless the employee is part of a tip pool with other employees who regularly receive tips. The provision was "to make clear the original Congressional intent that an employer could not use the tips of a 'tipped employee' to satisfy more than [a certain percentage] of the Act's applicable minimum wage." Richard v. Marriott Corp., 549 F.2d 303, 304 (4th Cir. 1977) (internal quotation marks omitted).

Here, the Plaintiffs argue that, because they were never informed of the FLSA's tip-credit provision and the tip-pooling arrangement includes employees that are not regularly tipped (such as busboys), the Defendants' tip-pooling arrangements were invalid. Accordingly, in the Plaintiffs' view, "all tips received by" them must be "retained by" them and the Defendants must compensate them for these lost "tip" wages. Even if these words, in isolation, could somehow be read to create such a right, § 203(m) "is limited by the 'broader context of [the FLSA] as a whole.'" Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc., 718 F.3d 249, 259 (4th Cir. 2013) (quoting

9

In re Total Realty Mgmt., LLC, 706 F.3d 245, 251 (4th Cir. 2013)). See also Yates v. United States, 135 S.Ct. 1074, 1082 (2015) (finding that a fish was not a "tangible object" under the statute because "[i]n law as in life, however, the same words, placed in different contexts, sometimes mean different things"); Santoro, 748 F.3d at 223 (holding the Dodd-Frank Act prohibition on arbitration agreements did not invalidate all arbitration agreements because "[n]othing" in the statute's context "suggests that Congress sought to bar arbitration of every claim if the arbitration agreement in question did not exempt Dodd-Frank claims").

It is not clear that this language, standing alone, achieves what the Plaintiffs claim, but when read in context, it is clear that this language—whatever its import—could give rise to a cause of action only if the employer is using tips to satisfy its minimum wage requirements.[7] The FLSA is the "minimum wage/maximum hour law." Monahan, 95 F.3d at 1266. Given that context, § 203(m) "does not state freestanding requirements pertaining to all tipped employees," but rather creates rights and obligations for employers attempting to use tips as a credit

_____

[7] For instance, in Richard, we affirmed a damages award when the employer (Marriott) attempted to use the tip credit to satisfy its minimum wage obligations but failed to comply with the requirements of § 203(m).

10

against the minimum wage. Woody Woo, 596 F.3d at 581 (emphasis in original). The FLSA "requires payment of minimum wages and overtime wages only," and "is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold." Nakahata v. New York-Presbyterian Healthcare Sys., 723 F.3d 192, 201 (2d Cir. 2013). We thus find that the statutory requirements that an employer inform an employee of § 203(m) and permit the employee to retain all his tips unless the employee is in a tip pool with other regularly tipped employees does not apply to employees, like the Plaintiffs, who are seeking only the recovery of the tips unrelated to a minimum wage or overtime claim.[8]

III.

Here, the Plaintiffs concede that their wages do not fall below the statutory minimum, and the "the statutory language," of the FLSA, including § 203(m), "simply does not contemplate a claim for wages other than minimum or overtime wages." Id. at 201-02. Accordingly, the judgment of the district court is affirmed.

AFFIRMED

---

[8] The Government, in its amicus brief, agrees with the conclusion that there is no viable private right of action under the FLSA in this case because the "plaintiffs are not pursuing minimum wage claims or overtime claims, but instead seek only to collect improperly withheld tips." (Gov't Amicus Br. at 12).

11

PAMELA HARRIS, Circuit Judge, concurring in the judgment:

I concur in the majority's holding that the Fair Labor Standards Act ("FLSA" or the "Act") does not provide a private cause of action to remedy the particular violations alleged by the Plaintiffs in this case. I write separately to explain why I think we can and should reach that result without commenting on the scope of the substantive protections of § 203(m).

## I.

As we decide it today, this case is not about the nature of the rights afforded by the FLSA, but about how those rights are to be enforced. The FLSA establishes two separate means of enforcement: a private right of action for aggrieved employees, and a public enforcement power wielded by the Wage and Hour Division of the Department of Labor ("DOL"). See Fair Labor Standards Act of 1938, Pub. L. No. 75-718, ch. 676, § 16-17, 52 Stat. 1060, 1069 (codified as amended at 29 U.S.C. § 216-17). Each of those mechanisms plays a distinct and critical role in the statute's enforcement regime. See Mitchell v. Lublin, McGaughy & Assocs., 358 U.S. 207, 214 (1959); Daniel V. Dorris, Comment, Fair Labor Standards Act Preemption of State Wage-and-Hour Claims, 76 U. Chi. L. Rev. 1251, 1254–55 (2009).

Section 216(b) of the FLSA is an express private right of action, under which employees may sue for damages when their

12

employers violate the Act. But that private remedy is limited in an important respect: It is available only when an employee is owed "unpaid minimum wages, or [] unpaid overtime compensation" as a result of a minimum-wage or overtime violation. 29 U.S.C. § 216(b). DOL's enforcement powers are broader. It, too, may sue employers for damages, on behalf of employees who are owed unpaid minimum wages or overtime compensation under § 216(b). See 29 U.S.C. § 216(c). But unlike private plaintiffs, DOL also may seek injunctive relief against employers under § 217 of the Act, 29 U.S.C. § 217; Mitchell, 358 U.S. at 214; Michigan Corr. Org. v. Michigan Dep't of Corr., 774 F.3d 895, 903 (6th Cir. 2014); see also 29 U.S.C. § 211(a) (authorizing DOL to seek injunctive relief under § 217), so it is not confined to the recovery of unpaid minimum wages or overtime compensation in the same way.

This hybrid enforcement scheme produces a familiar scenario, under which a provision of the FLSA or its implementing regulations may bind an employer but not subject the employer to private civil suit. Cf. Alden v. Maine, 527 U.S. 706, 759 (1999) (though immune from private FLSA damages suits, the "State of Maine has not questioned Congress' power to prescribe substantive rules of federal law to which it must comply"). Whether the FLSA or its implementing regulations provide a substantive protection to employees, in other words,

13

is a separate question from whether the Act allows those employees to enforce the protection through a private cause of action.

And on that latter question (and only that latter question), this is a perfectly straightforward case: As DOL urges in its amicus brief, and as the majority holds, the Plaintiffs have no private cause of action to pursue their particular tip-related claims. The injury that the Plaintiffs allege — that they have been required to share their tips with other employees in a way that does not conform to § 203(m)'s "tip-pooling" standards — simply is not of the sort redressable in a private FLSA lawsuit, whether or not it represents a violation of the Act's substantive protections.

Section 216(b) contains the only express private cause of action under the FLSA in which the Plaintiffs' claims might conceivably sound. But as the majority explains, the Plaintiffs have all but conceded that their claims do not fall within that provision. Maj. Op. at 7.[1] And understandably so. Under § 216(b),

---

[1] Indeed, in light of the Plaintiffs' failure to address or even to cite § 216(b) in their filings before the district court or their briefs before this court, even after that provision was called to their attention by DOL and the Defendants, we would be justified in deciding this case on waiver grounds alone. See Fed. R. App. P. 28(a)(8)(A); Brown v. Nucor Corp., 785 F.3d 895, (Continued)

14

> Any employer who violates the provisions of section 206 or section 207 of this title [addressing minimum wage and overtime compensation] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

By its terms, then, § 216(b) specifies that the only remedy it makes available to private plaintiffs is damages "in the amount" of their "unpaid minimum wages" or "unpaid overtime compensation," plus an equal amount in liquidated damages. The Plaintiffs here, on the other hand, are seeking not "unpaid minimum wages" or overtime compensation, but instead allegedly improperly withheld tips. Indeed, they concede that they are paid a full cash minimum wage, entirely independent of tips,[2] and expressly disclaim any connection between the tip-related practices of which they complain and the FLSA's minimum wage requirements. J.A. 100. In those circumstances, where there

_____

920 (4th Cir. 2015) (fairness concerns guide application of waiver rules).

[2] This does not mean that an employee lacks a private cause of action under § 216(b) simply because his or her total compensation from all sources meets or exceeds the minimum wage specified in § 206. That much is clear from our decision in Richard v. Marriott Corp., 549 F.2d 303 (4th Cir. 1977), in which tipped employees brought suit under § 216(b) alleging violations of the tip-credit provisions of § 203(m). We held that the plaintiffs were entitled to recover under § 216(b) despite the fact that they had received total compensation, including tips, that met or exceeded the minimum wage rate. Id. at 305.

has been no effort to tie a purported tip violation to the Defendants' fulfillment of their minimum wage obligations, there can be no private cause of action under § 216(b).

In my view, that conclusion — advanced by DOL in its amicus brief, endorsed by the Defendants, and left unchallenged by the Plaintiffs — effectively disposes of this case. It may be, as the majority suggests, that the Plaintiffs, read very generously, can be understood to advance an alternative argument: that § 203(m) itself confers on them not only a substantive right to retain their tips but also a private cause of action to enforce that right through a suit for damages. But if so, it makes no difference: Any such argument is plainly unavailing, and may be dispensed with quickly and simply under the established principles that govern implied causes of action, see, e.g., Venkatraman v. REI Sys., Inc., 417 F.3d 418, 423 (4th Cir. 2005) (discussing presumption against implied causes of action), without adverting to the scope of substantive protections under § 203(m).

Section 203(m) contains no express private cause of action. As the majority recounts, Maj. Op. at 8, it appears in a list of statutory definitions, and defines "wages" for purposes of the FLSA while also laying out certain substantive rules regarding employer use of employee tips to offset minimum wage obligations. Unlike § 216(b), it does not mention a "right of

action" or "damages," and its text is bereft of any other language even alluding to a cause of action. If there is a cause of action somewhere in § 203(m), then it must be one that is implied, not express.

But the Plaintiffs have not once suggested that we pursue our standard implied cause of action analysis, and that is just as well. Absent "strong indicia of a contrary congressional intent," we are to presume that Congress "provided precisely the remedies it considered appropriate," Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n, 453 U.S. 1, 15 (1981), and to refrain from inferring others. That presumption against implied causes of action is particularly strong where "Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement." Venkatraman, 417 F.3d at 423 (quoting Nw. Airlines, Inc. v. Transp. Workers Union of Am., AFL-CIO, 451 U.S. 77, 97 (1981)). And here, of course, Congress has done just that: established a carefully reticulated dual system of enforcement, complete with an express private cause of action limited to the recovery of "unpaid minimum wages" or "unpaid overtime compensation." When it comes to the FLSA, we can say with confidence that "when Congress wished to provide a private damage remedy, it knew how to do so and did so expressly," Touche Ross & Co. v. Redington, 442 U.S. 560, 572 (1979), and there is no ground for us to go beyond what

17

Congress has done by implying an additional and broader private cause of action. See Venkatraman, 417 F.3d at 423. Whether or not the Plaintiffs have a "right" under § 203(m), they do not have a "remedy," cf. Alexander v. Sandoval, 532 U.S. 275, 286 (2001) (in conducting implied cause of action analysis, courts should not assume that every private right has a private remedy), and that is all that is required to dispose of this appeal.

## II.

On those grounds, I concur in the majority's holding that the FLSA provides no private cause of action under which the Plaintiffs may bring their challenges to the Defendants' tip-pooling practices. I write separately only because I am concerned that in reaching this straightforward conclusion about remedies, the majority has said more than is necessary about the distinct question of substantive rights, and in particular, about the scope of the protection afforded employees by § 203(m). See Maj. Op. at 10–11.

We always are well advised to say no more than necessary to decide the case at hand. But caution is particularly warranted here, because the meaning of § 203(m), and the degree to which it regulates employer use of tips, is now the subject of live debate in the federal courts. The basic question is this:

18

Section 203(m), as the majority explains, Maj. Op. at 8-9, allows employers to use employee tips to offset a portion — but only a specified portion, see Richard, 549 F.2d at 304 — of their minimum wage obligations, so long as "all tips received by [the] employee [are] retained by the employee" or shared with other tipped employees as part of a qualifying "tip-pool" arrangement. 29 U.S.C. § 203(m). What of employers, like the Defendants here, who pay their tipped employees a full cash minimum wage, and do not claim the "tip credit" allowed by § 203(m)? May they take the tip money collected by their employees and use it for their own benefit, free of § 203(m)'s tip-pooling rules or other restrictions, as the Defendants argue? Or, as the Plaintiffs argue, do tipped employees retain a right to the tips they receive from customers, whether or not they are being paid a full cash minimum wage by their employers?

A 2011 DOL regulation addresses this question directly, providing that "[t]ips are the property of the employee whether or not the employer has taken a tip credit under [§ 203(m)]," and that an "employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in [§ 203(m)]: As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool." 29 C.F.R. § 531.52. After an extensive canvass of § 203(m)'s text and legislative

19

history, see Updating Regulations Issued Under the Fair Labor Standards Act, 76 Fed. Reg. 18,832, 18,838–42 (Apr. 5, 2011), DOL concluded that the contrary reading of the statute is "unsupportable," largely because it would allow for easy evasion of the statutory cap on the percentage of an employer's minimum wage obligation that may be satisfied through tips:

> If . . . the FLSA places limitations on an employer's use of its employees' tips only in the context of a tip credit, an employer could simply eschew the tip credit and use a greater part of its employees' tips toward its minimum wage obligations than permitted under [§ 203(m)]. . . . If an employer could avail itself of this loophole, it would have no reason to ever elect the tip credit because, instead of using only a portion of its employees' tips to fulfill its minimum wage obligation, it could use all of its employees' tips to fulfill its entire minimum wage obligation to the tipped employees or other employees.

Id. at 18,842; see also Gov't Amicus Br. at 16.

The validity of that regulation has been put squarely at issue in a series of federal court cases. See, e.g., Oregon Rest. & Lodging v. Solis, 948 F. Supp. 2d 1217, 1223-24 (D. Or. 2013) (invalidating the regulation under Chevron) (appeal pending); Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545, 562-63 (S.D.N.Y. 2013) (following Oregon Rest. & Lodging). And although the majority carefully clarifies that we have no occasion to opine on the regulation today, Maj. Op. at 5 n.5, I am concerned that some of the majority's analysis of § 203(m) nevertheless might be understood as bearing on whether DOL's

20

regulation is a reasonable interpretation of § 203(m) or permissible exercise of the agency's "gap-filling" authority. See Gov't Amicus Br. at 15 (quoting Long Island Care at Home, Ltd. v. Coke, 551 U.S. 158, 165 (2007)).

That would be particularly unfortunate in this case, because substantive discussion of § 203(m) is not only unnecessary but also without the benefit of thorough advocacy. The Defendants have made the case against DOL's regulation, arguing that it cannot be reconciled with the plain text of § 203(m), see Maj. Op. at 8 (setting out text of § 203(m)), which unambiguously applies only when an employer claims the tip credit. See Br. of Appellees at 13–18. But the Plaintiffs have disclaimed expressly any reliance on the DOL regulation, and so no party to this case has mounted a defense of that regulation.[3] Under those circumstances, we should take special care not to enter, even a little, into a debate that all agree is not properly before us.

---

[3] DOL was granted leave to file an amicus brief, in which it argued first for dismissal of the Plaintiffs' claims for want of a cause of action and then defended its regulation. But because DOL was not permitted to participate at oral argument, we have had no opportunity to question DOL or to clarify its position.